UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCUS TELESFORD,

                              Plaintiff,

                                                        9:14-CV-1209
v.                                                      (GTS/DEP)

TAMER, Corr. Sergeant, Clinton Corr. Facility;[1]
NICE, Mental Health Nurse, Clinton Corr. Facility;[2]
CHRIS TRUDEAU, Corr. Officer, Clinton Corr.
Facility; KENDRICK BAKER, Corr. Officer,
Clinton Corr. Facility, formerly identified as Kendri
Parker; KEVIN HART, Corr. Officer, Clinton Corr.
Facility; and RANDY BROWN, Corr. Officer,
Clinton Corr. Facility,

                              Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

MARCUS TELESFORD, 02-A-0506
   Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                              MARK G. MITCHELL, ESQ.
Attorney General for the State of New York            Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224


GLENN T. SUDDABY, Chief United States District Judge

_____

[1]      The Clerk is directed to change the captioning of Defendant "Tamer" to
Defendant "Thomas Tamer" pursuant to the proper identification of that individual by counsel in
Defendants' Affidavit in Opposition to Plaintiff's Motion for Preliminary Injunction.  (Dkt. No.
36.)

[2]      The Clerk is directed to change the captioning of Defendant "Nice" to Defendant
"Traci Nycz" pursuant to the proper identification of that individual by counsel in Defendants'
Affidavit in Opposition to Plaintiff's Motion for Preliminary Injunction.  (Dkt. No. 36.)

<u>**DECISION and ORDER**</u>

Currently before the Court, in this *pro se* prisoner civil rights action filed by Marcus Telesford ("Plaintiff") against the six above-captioned employees of the New York State Department of Corrections and Community Supervision at Clinton Correctional Facility ("Defendants"), are the following: (1) Defendants' motion for summary judgment; (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted in part and denied in part; and (3) Defendants' objection to the Report-Recommendation.  (Dkt. Nos. 64, 78, 79.)  For the reasons set forth below, the Report-Recommendation is adopted in its entirety; and Defendants' motion for summary judgment is (1) granted as to Plaintiff's conspiracy claim against Defendant Nycz (who is hereby dismissed from this action), (2) granted as to Plaintiff's claims for damages against all Defendants in their official capacities, (3) granted as to Plaintiff's claims for declaratory and injunctive relief, and (4) denied as to Plaintiff's Eighth Amendment excessive force claim for compensatory and punitive damages asserted against Defendants Tamer, Trudeau, Baker, Brown, and Hart in their individual capacities.

## I.     RELEVANT BACKGROUND

### A.     Magistrate Judge Peebles' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Peebles rendered the following recommendations: (1) that Plaintiff's conspiracy claim against Defendant Nycz be dismissed for failure to state a claim (and that Defendant Nycz be dismissed as a party to this action); (2) that Plaintiff's damage claims be dismissed against all Defendants in their official capacities; (3) that Plaintiff's claims for declaratory and injunctive relief be dismissed as moot

due to Plaintiff's transfer to Upstate Correctional Facility; and (4) that Plaintiff's Eighth

Amendment excessive force claim seeking compensatory and punitive damages remain pending

because there exists genuine disputes of material fact and credibility determinations for a jury.

(Dkt. No. 78, at Part III.)

### B.   Defendants' Objections to the Report-Recommendation

Generally, in their Objections, Defendants argue that the Court should reject the Report-

Recommendation for the following two reasons: (1) the Magistrate Judge erred in determining

that evidence of the mere presence of Defendants Baker, Hart and Brown in the Mental Health

Unit at the Clinton Correctional Facility on the date of the alleged assault is sufficient to raise a

genuine dispute of material fact as to their personal involvement in the alleged constitutional

violation (especially given that Plaintiff concedes in his opposition papers that [a] Baker, Hart

and Brown were not assigned to the cell area where the alleged assault occurred, and [b] none of

them participated in the strip frisk of Plaintiff); and (2) the Magistrate Judge erred in determining

that Plaintiff's deposition testimony and sworn allegations, which are blatantly contradicted by

the record (which includes [a] contemporaneous photographs and medical records showing no

physical injuries and [b] evidence that Plaintiff's alleged injuries pre-dated the alleged assault),

are sufficient to raise a genuine dispute of material fact.  (Dkt. No. 79, at Points I and II.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

3

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

material that could have been, but was not, presented to the magistrate judge in the first

instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could have

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ.*

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established

law that a district judge will not consider new arguments raised in objections to a magistrate

judge's report and recommendation that could have been raised before the magistrate but were

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

---

[3]       *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

[4]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In
objecting to a magistrate's report before the district court, a party has no right to present further
testimony when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate"); *cf.
U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to
require the district court to conduct a second hearing whenever either party objected to the
magistrate's credibility findings would largely frustrate the plain objective of Congress to
alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b),
Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a
secondary evidentiary hearing is required.").

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

consider new arguments raised in objections to a magistrate judge's report and recommendation

that could have been raised before the magistrate but were not.") (internal quotation marks

omitted).

When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the

objecting party in its original papers submitted to the magistrate judge, the Court subjects that

portion of the report-recommendation challenged by those arguments to only a *clear error*

review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[5]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Defendants specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following analysis.

Defendants' two challenges to the Report-Recommendation (summarized above in Part I.B. of this Decision and Order) are simply reiterations of arguments presented to Magistrate Judge Peebles during their motion for summary judgment. (*Compare* Dkt. No. 79, at Points I and II [Defs.' Obj.] *with* Dkt. No. 64, Attach. 23, at Points II-III [Defs.' Memo. of Law] *and* Dkt. No. 72 at "Argument" [Defs.' Reply Memo. of Law].) As a result, the challenged portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. *See, supra,* Part II of this Decision and Order. In the alternative, the Court finds that those portions of the Report-Recommendation would survive a *de novo* review.

---

[6]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Defendants' first objection, while well-taken, ultimately fails because it ignores the following four facts: (1) the fact that admissible record evidence exists from which a rational fact-finder could conclude that Defendants Baker, Hart and Brown were present in the Mental Health Unit not merely on the *date* of the alleged assault but at the *precise time* of the alleged assault (Dkt. No. 1, at ¶¶ 2, 8, 11 [Plf.'s Sworn Compl.];[7] Dkt. No. 64, Attach. 14, at ¶ 5 [Hart Decl.]; Dkt. No. 64, Attach. 15, at ¶ 5 [Brown Decl.]); (2) the fact that admissible record evidence (however circumstantial) exists from which a rational fact-finder could conclude that Defendants Baker, Hart and Brown were present not merely in the Mental Health Unit but on the *relevant floor* of the Mental Health Unit (Dkt. No. 1, at ¶¶ 2, 8, 11 [Plf.'s Sworn Compl.]; Dkt. No. 64, Attach. 2, at 140-53 [Plf.'s Depo. Tr.]); (3) the fact that admissible record evidence (again, however circumstantial) exists from which a rational fact-finder could conclude that Defendants Baker, Hart were not merely present during the alleged assault but *participated* in that assault (Dkt. No. 1, at 3, ¶¶ 8, 11 [Plf.'s Sworn Compl.]; Dkt. No. 64, Attach. 2, at 140-53 [Plf.'s Depo. Tr.]); and (4) the fact that, even if Defendants Baker, Hart and Brown did not participate in the alleged assault, they could be liable for failing to intervene in that alleged assault (if they were present during the use of excessive force and failed to intervene to prevent or stop the use of excessive force, despite having had a reasonable opportunity to do so).  Simply stated, the lack of other individuals (i.e., other than Defendants Baker, Hart and Brown) who

---

[7]       Verified pleadings have the force and effect of affidavits or declarations for purposes of motions for summary judgment.  *See, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir.2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), cert. denied, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.").

could have been the three correctional officers who allegedly assisted Defendants Tamer and

Trudeau in using excessive against Plaintiff nudges Plaintiff's claim over the line from one

relying on speculation to one relying one circumstantial evidence.

Defendants' second objection, while also well-taken, similarly fails.  For the sake of

brevity, the Court will not resolve the apparent tension between the case heavily relied on by

Defendants, *Scott v. Harris*, 550 U.S. 372, 380 (2007) (permitting a court to reject a party's

version of events on a motion for summary judgment when that version is so blatantly

contradicted by the record that no reasonable jury could believe it), and the case routinely relied

on by defendants in the Second Circuit in such circumstances, *Jeffreys v. City of New York*, 426

F.3d 549, 555 (2d Cir. 2005) (permitting a district court to resolve issues of credibility on motion

for summary judgment in narrow circumstances where [1] the testimony of non-movant is

largely unsubstantiated by any other direct evidence, and [2] that testimony is *so incomplete

and/or replete with inconsistencies and improbabilities* that, even after drawing all inferences in

the light most favorable to the non-movant, no reasonable jury could find for the non-movant)

(emphasis added).  More important is the fact that the contemporaneous photographs and

medical records cited by Defendants (revealing no physical injuries) would not render

impossible a finding by a rational fact-finder of the existence of at least some injury (however

insignificant), which may permit liability given the existence of admissible record evidence that

the injury was inflicted maliciously and sadistically.  Moreover, Defendants' argument that

Plaintiff's injuries consisted of pre-existing conditions ignores the evidence reasonably

suggesting that the injuries *worsened* those conditions.  (*Compare* Dkt. No. 69, Attach. 1, at ¶ 44

[Plf.'s Rule 7.1 Response, stating that his injuries include "migraine headaches" for which he is

taking medication, "sharp acute lower back pain," "burning every time I urinate," and

"nightmares from . . . psychological trauma"] *with* Dkt. No. 72, at 6 [attaching page "4" of Defs.'

Reply Memo. of Law, citing record evidence of Plaintiff previously suffering from merely

migraine headaches that were "not as sharp as now," "minor . . . back problems" in his "upper

back," "a shy bladder," and "issues sleeping soundly"].)

   **ACCORDINGLY**, it is

   **ORDERED** that the Clerk is directed to change the captioning of Defendant "Tamer" to

Defendant "Thomas Tamer," and the captioning of Defendant "Nice" to Defendant "Traci

Nycz," pursuant to notes 1 and 2 of this Decision and Order; and it is further

   **ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 78) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

   **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 64) is

**GRANTED** as to the following claims:

     (1) Plaintiff's conspiracy claim against Defendant Nycz;

     (2) Plaintiff's damage claims against all Defendants in their official capacities;

     and

     (3) Plaintiff's claims for declaratory and injunctive relief; and it is further

   **ORDERED** that Defendant Nycz is **DISMISSED** from this action; and it is further

   **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 64) is **DENIED**

as to Plaintiff's Eighth Amendment excessive force claim for compensatory and punitive

damages and asserted against Defendants Tamer, Trudeau, Baker, Brown, and Hart in their

individual capacities; and it is further

**ORDERED** that Pro Bono Counsel be appointed for Plaintiff for purposes of trial only (and not for any appeal) and that, upon assignment of Pro Bono Counsel, a final pretrial conference with counsel be scheduled, at which the Court will schedule trial on the remaining claims.  Counsel for both parties are directed to appear with settlement authority.

Dated:  September 23, 2016
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge